UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ANDERSON, RICHARD BEAUDOIN,
TIMOTHY BELL, CHAD COUSINO, WILLIAM
CURRIE, DANIEL DORAN, JEREMY JOHNS,
BOBBY LAVENDER, JOHN MESKY, STANLEY
POCHRAN, GEORGE QUIROZ, ALEX ROMAN,
JOSE STACHULSKI, JOE SERVETTER, SHANNON
THRELKELD, JAMES M. URSITTI, GREGORY
WARD, and ALBERT YOUNG,

       Plaintiffs,                      CASE NO. 04-74345

-vs-                                       PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

CITY OF TAYLOR,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.    BACKGROUND**

The facts are set forth in this Court's June 9, 2006 Order Denying In Part, Granting in Part, Defendant's Motion for Summary Judgment. On June 26, 2006, Defendant City of Taylor (the "City") filed a Motion for Reconsideration of this Court's June 9, 2006 Order.

**II.    STANDARD OF REVIEW**

Local Rule 7.1(g) governs motions for reconsideration, and states, *inter alia:*

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

**III.     DISCUSSION**

In its motion, the City's primary argument is that the Court committed palpable error when it found that participation in the Wellness/Fitness Program was mandatory. The City contends that there was no support in the record for such a finding, and that the Court "ignored the rules of English grammar" and "mistakenly interpreted the language of the Grant Application which stated, 'mandatory participation in the program is intended to improve each employees' current level of fitness, and will not be used as a punitive measure.'" (Def.'s Mot. 3). The City attached the affidavit of a professor and teacher of English and journalism, (Def.'s Mot. Ex. 1), to demonstrate that the above quotation has only one interpretation according to the rules of English and grammar. This interpretation is that "participation in the program [] will not be used as a punitive measure." (*Id.*).

The Court rejects the City's arguments. The Court clearly stated in the June 9, 2006 Order:

> This [wellness] program was also mandatory, as noted in:
>
> (1) the Project Narrative sent to FEMA with the application for funding, (*see* Defs.' 4/12/05 Mot. Ex. 4, Docket Entry 10);
>
> (2) the "Questions for Wellness and Fitness Programs" which has circled the word "Yes" in response to the question "Will participation in the wellness/fitness programs be mandatory?"
>
> Deputy Chief Fedel admitted during his deposition that it was anticipated that the services provided as part of the program would include a mandatory blood draw. (Pls.' Mot. Ex. 2, Fedel Dep. 28-29).

(Order, 8-9). Moreover, as the Court noted in the Facts section:

> The FEMA grant application package sets forth the required information for the preparation of the grant proposal. Regarding the wellness and fitness programs, the package states:

> FEMA may make grants for the purpose of establishing and/or equipping wellness and fitness programs for firefighting personnel, including the procurement of medical services to ensure that the firefighting personnel are physically able to carry out their duties (purchase of medical equipment is not eligible under this category).
>
> We believe that in order to have an effective wellness/fitness program, fire departments must offer both an entry physical examination and an immunization program. Accordingly, applicants for grants in this category must currently offer both benefits, or must propose to initiate both a physical examination and immunization program with these grant funds in order to receive additional funding for either of these purposes. We believe the greatest benefit will be realized by supporting new wellness and fitness programs, and therefore, we will accord higher competitive ratings to those applicants lacking wellness/fitness programs over those applicants that already posses a wellness/fitness program. Finally, since participation is critical to receiving any benefits from a wellness or fitness program, we will give higher competitive rating to departments whose wellness and fitness programs **mandate participation** as well as programs that provide incentives for participation.
>
> The Taylor Fire Department's proposed narrative provided that participation in the program was **mandatory**, along with a fitness incentive for participation in the program.

(Order, 2) (internal citations omitted) (emphasis added).

Thus, despite the City's protestations to the contrary, the Court cited evidence in the record for its position that the program was mandatory. The fact that the City also provided incentives for participation shows that the City took into account FEMA's instructions that such programs would be given higher competitive ratings.

Based on the multitude of clear evidence that the program was intended to be mandatory – including in the requirements of FEMA's grant program and in the deposition testimony of Chief Fedel – the Court concluded that the program was indeed mandatory, which contradicts the

identical paragraphs provided in the affidavits noted by the City that participation in the program was voluntary.

The City cites Chief Fedel's deposition testimony to support its proposition that the program was voluntary. Chief Fedel acknowledged that the program was mandatory, but at the same time states that no punitive measures would be taken for failure to participate. (Fedel Dep. 8). The Court notes the difficulty of finding a program that requires "mandatory participation" to be voluntary. Black's Law Dictionary defines "mandatory" as "containing a command; preceptive; imperative; peremptory; obligatory." *Black's Law Dictionary* 962 (6th. Ed. 1990). Thus, implicit in this definition is that mandatory participation is required participation. Although Chief Fedel and others now state that there would be no discipline for the failure to participate, the City cannot overcome the overwhelming evidence that the program was mandatory by its terms from its inception.

Even reading the language in the Grant Application in its simplest form, that "mandatory participation in the program will not be used as a punitive measure," the Court declines the City's invitation to construe the sentence as argued. Because it has already been decided that "mandatory" means just that, the only reasonable interpretation of this sentence is that the firefighter must participate in the program, but that any occurrence following that participation (i.e., low test results, high cholesterol) will not be used in a punitive manner against the firefighter. Although the Court came to this conclusion through its own reading of the record, it appears that the reporter in the newspaper article concerning the program, ostensibly aware of the definition of mandatory, came to the same conclusion. Any other interpretation, as noted above, contradicts the admittedly mandatory nature of the program.

**CONCLUSION**

For the foregoing reasons, Defendant City of Taylor's Motion for Reconsideration is

**DENIED.**

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 13, 2006.

s/Denise Goodine
Case Manager
