UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON V. ANDERSON, et al.,

          Plaintiffs,                  CASE NO.  04-CV-74345

-vs-                                PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

CITY OF TAYLOR,

          Defendant.
_____/

## OPINION AND ORDER ON THE PARTIES' MOTIONS IN LIMINE

Before the Court are the following Motions in Limine:

(1)     Defendant's Motion to Exclude Testimony that a Jehovah's Witness Cannot Give a Blood Test (Docket No. 47);

(2)     Plaintiffs' Motion to Exclude Defendant's Expert Joel Elliot (Docket No. 43);

(3)     Plaintiffs' Motion to Exclude Health Records of Plaintiffs (Docket No. 44);

(4)     Plaintiffs' Motion to Exclude Evidence of Plaintiffs' Use of Exercise Equipment Purchased with FEMA Funds (Docket No. 45);

(5)     Plaintiffs' Motion to Allow Evidence Regarding  Former Fire Chief Costella (Docket No. 46);

(6)     Plaintiffs' Motion to Allow Evidence of Plaintiff Servetter's Reasons for Leaving the Fire Department (Docket No. 46);

(7)     Plaintiffs' Motion to Exclude Plaintiffs' Disciplinary Records (Docket No. 46).

## I.    BACKGROUND

The background of this case, arising out a violation of Plaintiffs' Fourth Amendment

rights through a mandatory blood draw, is recounted in this Court's previous opinions. *See*

*Anderson v. City of Taylor*, No. 04-74345, 2006 WL 1676269 (E.D. Mich. June 9, 2006)

(unpublished); *Anderson v. City of Taylor*, No. 04-74345, 2005 WL 1984438 (E.D. Mich. Aug.

11, 2005) (unpublished).

The Court held a motion hearing on the parties' motions in limine on February 1, 2007.

## II.     ANALYSIS

### A.     Parties' Motions Regarding the Testimony of Plaintiff Threlkeld and Defendant's Expert Joel Elliot

Pursuant to the discussion at the February 1, 2007 motion hearing, the parties have

stipulated on the record to withdraw their respective motions on this issue.

### B.     Plaintiffs' Motion to Exclude Health Records

For the reasons stated in the record, Plaintiffs' Motion to Exclude Health Records is

GRANTED IN PART and DENIED IN PART. In the case that the Plaintiff denies that he has

taken a blood test or testifies that the cannot remember if they have taken a blood test either

before or after the mandatory draw in question, Defendant is permitted to present the health

records to Plaintiff to refresh his memory, in accordance with FRE 612.

### C.     Plaintiff's Motion to Exclude Plaintiffs' Use of Exercise Equipment Purchased with FEMA Funds

Plaintiff motions the Court to exclude evidence that Plaintiffs used FEMA-provided

exercise equipment as irrelevant. Plaintiff argues that the jury may use the fact that Plaintiffs

used this equipment to lower damages because the blood draw was part of the same program that

led to the purchase of the exercise equipment.

Defendant counters that the jury should not assess Plaintiffs' damage claim in a vacuum.

Defendants argues that the jury should be informed of the federal grant money had positive

aspects, such as the free use of exercise equipment and incentives to use Defendant's golf

courses and ice rinks.

The Court finds that Defendant's proffered evidence is irrelevant to the issue of damages

that Plaintiffs suffered in the mandatory blood testing. The proper scope of damages in this case

is not an evaluation of Plaintiffs damages from the blood testing in light of the FEMA program's

overall benefit. Defendant can introduce evidence that the blood testing program was part of a

FEMA program that was intended to provide certain benefits for Plaintiffs. The Court will not

permit evidence of the Plaintiffs' usage of those FEMA benefits or allow any suggestion or

inference that the jury should take that into account when calculating appropriate damages.

Therefore, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to

Exclude Plaintiffs's Use of Exercise Equipment Purchased with FEMA funds.

**D.      Plaintiffs' Motion to Allow Evidence Involving Former Fire Chief Costella
and Plaintiff's Motion to Bar Admission of Evidence Regarding Discipline
Imposed on Plaintiffs**

For the reasons stated on the record, the Court DENIES Plaintiffs' Motion to Allow

Evidence of Former Fire Chief Costella and GRANTS Plaintiff's Motion to Bar Evidence

Regarding Discipline Imposed on Plaintiffs.

**E.      Plaintiffs' Motion to Allow Evidence of Plaintiff Servetter's Reasons for
Leaving the Fire Department**

Plaintiffs seek to introduce evidence that Plaintiff Servetter left his employment

voluntarily with the Fire Department in part as a result of the mandatory blood draw program, as

it relates to his claim for economic and non-economic damages.

Defendant counters that Servetter is making, in effect, a constructive discharge claim in

3

order to increase his economic and non-economic damages above the other Plaintiffs in this case.

Defendant also maintains that Plaintiffs have never alleged a constructive discharge or wrongful

termination claim.

The Court agrees that Servetter is, in effect, seeking increased economic or non-

economic damages, over the other Plaintiffs, as a result of a constructive discharge or a wrongful

termination claim. Plaintiffs have not properly alleged such a claim in their Complaint. As the

Court has clearly stated in previous orders, the trial's sole purpose is to ascertain the appropriate

amount of damages resulting from the unconstitutional blood draw. Plaintiffs are not permitted at

this point to couch additional constitutional claims into this issue.

## III.   CONCLUSION

For the foregoing reasons, the Court:

(1)   **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Exclude Health Care Records of Plaintiffs;

(2)   **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Exclude Evidence of Exercise Equipment Purchased with FEMA Funds;

(3)   **DENIES** Plaintiff's Motion to Allow Evidence Involving Former Chief Costella;

(4)   **DENIES** Plaintiff's Motion to Allow Evidence of Plaintiffs Servetter's Reasons for Leaving the Fire Department;

(5)   **GRANTS** Plaintiff's Motion to Exclude Evidence Regarding Discipline Imposed on Plaintiffs.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 5, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S.
Mail on February 5, 2007.


s/Denise Goodine
Case Manager